'08 CIV 4066

JUDGE BRIEANT

NICOLETTI HORNIG & SWEENEY
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
Tel: 212-220-3830
Fax: 212-220-3780
Attorneys for Petitioner
OUR FILE:    10000475 DRH/GSR



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN THE MATTER OF THE PETITION OF
HUDSON RIVER SLOOP CLEARWATER, INC.,
AS OWNER OF THE SLOOP CLEARWATER,
FOR EXONERATION FROM AND                               **COMPLAINT**
LIMITATION OF LIABILITY

08 Civ.

------------------------------------------------------------X

Petitioner, HUDSON RIVER SLOOP CLEARWATER, INC. ("petitioner" or "HRSC") as Owner of the Sloop CLEARWATER (the "vessel"), brings this action for exoneration from and limitation of liability pursuant to Title 46 U.S.C. § 30501 et seq. (formerly 46 U.S.C. App. § 183) and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and alleges the following upon information and belief:

**JURISDICTION/VENUE**

FIRST:    This Court has jurisdiction over this cause of action pursuant to the provisions of Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

SECOND:    Venue is properly laid in this district in accordance with Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims,

inasmuch as the vessel is located in Poughkeepsie, New York, and the vessel has not been attached or arrested and no suits have been commenced against the owner to date.

## THE PARTIES

THIRD:     At all relevant times, Petitioner was and is the owner of the Sloop CLEARWATER. HRSC was and is a domestic non-profit business corporation in the State of New York, with its principle office located at 112 Market Street, Poughkeepsie, New York.

FOURTH:     Claimant Stephanie Comacho is an individual with a place of residence located at 82 David Street, South River, New Jersey.

## THE LIMITATION OF LIABILITY PETITION

FIFTH:     At and during all times mentioned herein, the Petitioner was the sole owner of the vessel.

SIXTH:     On or about May 25, 2005, claimant Stephanie Comacho was a crewmember on board Petitioner's vessel. During the early morning hours, while the vessel was docked in West Point, New York, claimant Stephanie Comacho was descending a ladder into the hold of the vessel to utilize the head when she allegedly fell and sustained personal injuries to her left ankle.

SEVENTH:     Written Notice of Claim was never provided to Petitioner for the alleged injuries sustained by claimant Stephanie Comacho. However, Walters Nixon Group, an investigator retained by HRSC's underwriters, first received written Notice of Claim by letter dated December 3, 2007, from Goldman & Spitzer, P.A., attorneys retained by claimant Stephanie Comacho, who have offices located at 90 Woodbridge Center Drive, Suite 900, Box 10, Woodbridge, New Jersey 07095. A copy of the letter is attached as Exhibit "1".

EIGHTH: At and during all times mentioned herein, the Petitioner exercised due diligence to make the vessel seaworthy in all respects.

NINETH: If any loss, damage, injury or death was sustained by claimant Stephanie Comacho as aforesaid, such loss, damage, injury or death was in no way caused by fault, negligence, recklessness or want of due care on the part of the vessel, Petitioner or parties for whom they may be held responsible. Rather, any such loss, damage, injury or death was occasioned and incurred wholly without the fault, privity or knowledge of the Petitioner.

TENTH: It is anticipated that claimant Stephanie Comacho seeks damages in an amount that will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability. All claimants and suitors of whom Petitioner has knowledge as of the time of filing this Petition are named in Paragraph FOURTH above.

ELEVENTH: The vessel has a sound market value of Three Hundred Thousand United States Dollars ($300,000.00), currently and at the time of the May 25, 2005, incident.

TWELFTH: This Petition is filed within six (6) months from the date Petitioner's underwriters first received written notice of claim regarding the aforesaid casualty.

THIRTEENTH: Petitioner claims exoneration from, and/or limitation of liability for, any alleged loss, damage, injury or death occasioned by the aforesaid incident and for all claims which may hereafter be made and alleges that it has valid defenses thereto both on the facts and on the law.

FOURTEENTH: Petitioner claims the benefits of the limitation of liability provided in Title 46, United States Code, §30501 et seq. (formerly Title 46 United States Code, § 183 et seq.), and pursuant to Supplemental Rule F(1) of the Supplemental Rules for Certain

Admiralty and Maritime Claims, has deposited with the Court, for the benefit of claimants, a sum equal to the amount or value of the vessel and pending freight.

WHEREFORE, Petitioner prays that this Honorable Court:

1. Issue an order directing the issuance of a Monition to all persons claiming damages for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident, directing each of them to appear and make due proof of their respective claims, and also to appear and answer the allegations of this Petition according to the law and practice of this Court on or before a certain time to be fixed by said monition;

2. Issue an order directing that an injunction shall issue restraining the further prosecution of any and all actions, suits and legal proceedings to be commenced or already begun, if any, to recover damages from the Petitioner for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident and restraining the commencement or prosecution thereafter of any such action, suit or legal proceeding of any nature or description whatsoever in any jurisdiction, except in the proceeding herein, against the Petitioner, its agents or representatives, or against the vessel in respect of any claim or claims arising out of the aforesaid incident;

3. Adjudge and decree that the Petitioner is not liable to any extent, for any loss, damage, injury or death, or for any claim therefor in any way arising out of the aforesaid incident;

4. That if the Petitioner should be adjudged liable to any extent in the premises, then such liability should be limited to the amount or value of the vessel immediately following said incident, and that the Petitioner be discharged therefrom upon the surrender of said value and that the money surrendered, paid or secured to be paid as aforesaid, be divided pro

rata according to the pertinent federal statutes among such claimants as may duly prove their claims in accordance with the aforesaid provisions, saving to all parties any priorities to which they may legally be entitled and that a decree may be entered discharging the Petitioner and the vessel from all further liability; and

    5.  That the Petitioner may have such other, further and different relief as may be just and proper.

Dated:  New York, New York
     April 30, 2008

          NICOLETTI HORNIG & SWEENEY
          Attorneys for Petitioner Hudson River Sloop Clearwater, Inc.

          By: _____
          David R. Hornig
          Wall Street Plaza
          88 Pine Street, 7th Floor
          New York, New York 10005
          Tel: 212-220-3830
          Fax: 212-220-3780
          E-mail: dhornig@nicolettihornig.com
          (FILE No.: 10000475 DRH/GSR)

X:\Public Word Files\1\475\PETITION COMPLAINT.doc

# EXHIBIT 1

# WILENTZ GOLDMAN & SPITZER P.A.

ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091
Fax (212) 267-3828

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 940-4000
Fax (215) 636-3999

Park Building
355 Fifth Avenue
Suite 400
Pittsburgh, PA 15222
(412) 232-0808
Fax (412) 232-0773

website: www.wilentz.com

Please reply to:
Woodbridge
Direct Dial: (732) 855-6021
Direct Fax: (732) 726-6689

RECEIVED
DEC 0 4 2007
BY:_____

December 3, 2007

VIA CMRR
Michael A. Walters
The Walters Nixon Group, Inc.
123 North Union Avenue
Suite 105
Cranford, New Jersey 07016

    RE:  Our Client:    Stephanie Camacho
         Vessel:        Clearwater
                        Hudson River Sloop Clearwater
         Date of Incident:  May 24, 2005
         Your Reference No.:  05-126

Dear Mr. Walters:

    As you are aware, this firm represents Stephanie Camacho, with respect to personal injuries she sustained while a crewmember aboard the sloop Clearwater on May 24, 2005. As per our recent telephone conversation, it is my understanding that you wish to review this file for the purposes of settlement discussions prior to my filing suit in same. Accordingly, as per your direction, I am enclosing a copy of all medical records in my possession, including the November 29, 2007 final narrative report of Ms. Camacho's treating orthopedic surgeon, Dr. Rieber, for your review. Additionally, I have enclosed recent photographs depicting the permanent, surgical scarring located on both sides of Ms. Camacho's ankle.

**WILENTZ
GOLDMAN
&SPITZER P.A.**
ATTORNEYS AT LAW

Michael A. Walters
December 3, 2007
Page 2

    Upon receipt and review of these documents, I ask that you kindly contact me and advise as to whether you wish to attempt to amicably resolve this matter.

    I look forward to hearing from you soon.

                                 Very truly yours,

                                 GIOVANNI ANZALONE

GA/ja
Enclosures