**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN THE MATTER OF THE PETITION OF HUDSON RIVER SLOOP CLEARWATER, INC., AS OWNER OF THE SLOOP CLEARWATER, FOR EXONERATION FROM AND LIMITATION OF LIABILITY | Civil Action<br><br>08 Cv 4066 (CLB)(GAY)<br><br>**ANSWER AND DEFENSES TO COMPLAINT FOR EXONERATION FROM AND LIMITATION OF LIABILITY, CLAIMS OF STEPHANIE CAMACHO, AND JURY DEMAND** |
|---|---|

**ANSWER AND DEFENSES TO COMPLAINT**
**FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Stephanie Camacho (hereinafter "Claimant"), through her attorneys, Wilentz, Goldman & Spitzer, P.A., by way of Answer to the Complaint of Petitioner, Hudson River Sloop Clearwater, Inc. (hereinafter "Petitioner"), says:

**JURISDICTION / VENUE**

1. The allegations contained within Paragraph 1 of the Petitioner's Complaint contain legal conclusions, to which no responsive pleading is required and, therefore, Claimant leaves Petitioner to its proofs.

2. The allegations contained within Paragraph 2 of the Petitioner's Complaint contain legal conclusions, to which no responsive pleading is required and, therefore, Claimant leaves Petitioner to its proofs.

**THE PARTIES**

3. Admitted, based on information and belief to date, although investigation is ongoing and Claimant reserves the right to amend and/or supplement this response.

4. Admitted.

**THE LIMITATION OF LIABILITY PETITION**

5. Admitted, based on information and belief to date, although investigation is ongoing and Claimant reserves the right to amend and/or supplement this response.

6. Admitted, based on information and belief to date, although investigation is ongoing and Claimant reserves the right to amend and/or supplement this response.

7. Denied. Petitioner was on notice of Stephanie Camacho's claim immediately after this incident, and representatives of Petitioner obtained a written statement from Claimant regarding her claim on or about June 10, 2005.

8. Denied.

9. Denied.

10. Admitted in part, and denied in part, based on information and belief to date, although investigation is ongoing and Claimant reserves the right to amend and/or supplement this response. Admitted that Claimant seeks damages in an amount that exceeds $300,000.00, but denied that the amount of damages Claimant seeks "will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability."

11. Claimant presently lacks knowledge or information sufficient to form a belief and, therefore, leaves Petitioner to its proofs.

12. Denied. Petitioner was on notice of Stephanie Camacho's claim immediately after the incident giving rise to her claim, and representatives of Petitioner, and/or Petitioner's underwriters, obtained a written statement regarding her claim on or about June 10, 2005.

13. The allegations contained within Paragraph 13 of the Petitioner's Complaint contain legal conclusions, to which no responsive pleading is required and, therefore, Claimant leaves Petitioner to its proofs. Claimant denies that Petitioner is entitled to exoneration from, and/or limitation of liability.

14. The allegations contained within Paragraph 14 of the Petitioner's Complaint contain legal conclusions, to which no responsive pleading is required and, therefore, Claimant leaves Petitioner to its proofs. Claimant denies that Petitioner is entitled to exoneration from, and/or limitation of liability.

**AFFIRMATIVE DEFENSES**

1. Petitioner's Complaint fails to state a claim or cause of action upon which relief can be granted.

2. The applicable law, rule, statute or regulation, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the Petitioner, and accordingly, the Petitioner's Complaint is barred as a matter of law.

3. Petitioner is not entitled to exoneration from or limitation of liability in these proceedings, and Petitioner's Complaint should be dismissed with prejudice, consistent with 46 U.S.C.A. §30506 ("Limitation of liability for personal injury or death"). 46 U.S.C.A. §30506 "does not apply to pleasure yachts, tugs, towboats, towing vessels, tank vessels, fishing vessels, fish tender vessels, canal boats, scows, car floats, barges, lighters or nondescript vessels." 46 U.S.C.A. §30506(a). Thus, 46 U.S.C.A. §30506 does not apply to the

vessel at issue in this case, described in Petitioner's Complaint as a "sloop," which, at the very least, qualifies as a "pleasure yacht" or a "scow."

4.  The incident / accident on or about May 25, 2005, which caused injuries to Claimant, Stephanie Camacho, resulting in surgical procedures, occurred with "the privity or knowledge" of Petitioner as "the owner" of the Vessel at issue in this case, who had privity and knowledge of the unsafe, negligent and unseaworthy conditions of the Vessel, which caused the accident; said privity and/or knowledge of Petitioner, as the owner of the vessel, will act to bar limitation of liability herein.  46 U.S.C.A. §30505(b).

5.  Petitioner is not entitled to exoneration from or limitation of liability in these proceedings, since the unseaworthiness of the Vessel and/or the negligent conduct by her master and crew occurred with the privity and knowledge of the Petitioner, and the Petitioner itself was negligent in the management and operation of the Vessel. Pursuant to 46 U.S.C.A. §30506(e), in "a claim for personal injury or death, the privity or knowledge of the master or the owner's superintendent or managing agent, at or before the beginning of each voyage, is imputed to the owner."

6. Petitioner is not entitled to exoneration from or limitation of liability in these proceedings, and Petitioner's Complaint should be dismissed with prejudice, consistent with 46 U.S.C.A. §30512 ("Liability as master, officer, or seaman not affected"), which provides as follows: "This chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel."

7. Exoneration from or limitation of liability does not apply to a claim for wages. 46 U.S.C.A. §30505(c).

8. Petitioner has failed to join a necessary or indispensable party without whom this action cannot proceed.

9. Petitioner has failed to comply with the requirements of the Limitation of Liability Act, 46 U.S.C.A. §30501, et seq., including without limitation, the failure to deposit adequate and proper security, which will act in bar of limitation herein.

10. Claimant respectfully avers that the security posted by the Petitioner, as the owner and operator of the Vessel, is legally insufficient, the limitation fund is therefore inadequate, the value of the Petitioner's interest in the subject Vessel is greater than the security and any ad interim stipulation, and that the limitation fund should be dismissed.

11. The proper venue for Claimant's action against Petitioner is in New Jersey.

12. Claimant reserves the right to interpose such other defenses and objections as continuing investigation and discovery may disclose.

**CLAIMS OF STEPHANIE CAMACHO**

And now, with full reservation of all defenses herein above asserted, Claimant, Stephanie Camacho, by her attorneys, Wilentz, Goldman & Spitzer, P.A., claiming of Petitioner, Hudson River Sloop Clearwater, Inc., pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and without prejudice to her right to seek a trial by jury of all claims, respectfully alleges as follows:

**FIRST COUNT**

1. Claimant, Stephanie Camacho, is and at all times relevant herein, is a citizen and resident of the State of New Jersey.

2. Based upon information and belief to date, at all times relevant hereto, Petitioner, Hudson River Sloop Clearwater, Inc., owned, operated, manned, maintained, and/or otherwise controlled the Vessel at issue in this case, described in Petitioner's Complaint as "the Sloop CLEARWATER."

3. Based upon information and belief to date, at all times relevant hereto, Stephanie Camacho, was employed with Petitioner as a seaman (deckhand) and member of the crew of the subject vessel, which at all times material hereto was engaged in navigation and commerce upon the navigable waters of the United States of America.

4. Based upon information and belief to date, on or about May 25, 2005 and at all times relevant hereto, Claimant, Stephanie Camacho was aboard the subject Vessel, while in the course of employment with Petitioner, Hudson River Sloop Clearwater, Inc.

5. On or about May 25, 2005, and at all times relevant hereto, Petitioner, Hudson River Sloop Clearwater, Inc., by its employees and/or agents, including individuals designated as master, officer, or seaman, controlled, operated and maintained the subject vessel while same was docked in West Point, New York.

6. On or about May 25, 2005, Claimant Stephanie Camacho was a crewmember on-board Petitioner's vessel. During the early morning hours, while the vessel was docked in West Point, New York, claimant Stephanie Camacho was descending a ladder from an access portal into the hold of the vessel during inclement weather to utilize the head, when she was caused to

fall due to hazardous and/or unsafe conditions present, sustained serious personal injuries to her left ankle requiring surgical procedures.

7.  Nothing that Claimant did or failed to do on the occasion caused or in any way contributed to the accident or her resultant injuries.

8.  The injuries sustained by Claimant were caused by the negligence, carelessness and fault, and with the privity and knowledge of Petitioner, Hudson River Sloop Clearwater, Inc., as the owner and/or operator of the subject vessel, and/or Petitioner's employees and agents who, among other things, failed to ensure the seaworthiness and adequacy of the vessel and its equipment and appurtenances for the task it undertook to perform; failed to ensure that the Vessel was seaworthy and adequate in all respects for the task it was performing at the time of the incident; failed to provide proper and adequate safety equipment; failed to ensure compliance with all applicable laws, regulations and rules; failed to ensure the proper use of available safety equipment; failed to provide proper and adequate instruction and training to and supervision of the Vessel's crew and/or operators; failed to keep a proper and vigilant lookout; failed to properly operate and control the Vessel; failed to provide a seaworthy vessel, and in such

other and further respects as discovery in this litigation may reveal.

9. The injuries to Stephanie Camacho were caused by the unseaworthy condition of the subject vessel, which was within the privity and/or knowledge of Petitioner, Hudson River Sloop Clearwater, Inc. As a result of the foregoing, Stephanie Camacho, sustained severe injuries requiring surgical procedures, and endured extreme pain and suffering.

10. A claim is hereby made for damages for, among other things, the physical, mental and emotional pain and suffering, along with her permanent injuries, scarring and physical limitations, which have resulted from the incident alleged herein; interest from the date of the incident; and other damages permitted by all applicable laws.

11. This claim is being made under protest and without prejudice to Claimant's position that this limitation and/or exoneration proceeding is improper and should be dismissed.

12. The damages of Claimant are unliquidated at this time but will exceed the $300,000.00 limitation fund and/or the value of the Vessel, alleged by Petitioner.

13. Claimant desires and is entitled to a trial by jury in this matter.

**SECOND COUNT**
**(Seaman's Suit Under Jones Act – Alternatively under 905(b) LHWCA)**

14. Claimant, Stephanie Camacho, repeats and re-alleges each and every aforementioned allegation above with the same force and effect as if set forth at length herein.

15. This is a claim pursuant to the Jones Act, with pendant claims under the General Maritime Laws of the United States, and /or the laws of the State of New Jersey.

16. Alternatively, Claimant brings this claim pursuant to 33 U.S.C.A. §905(b) of the Longshore and Harborworkers' Compensation Act.

17. Based upon information and belief to date, Stephanie Camacho, was at all times relevant hereto, employed by Petitioner, Hudson River Sloop Clearwater, Inc., as a seaman and member of the crew of the subject vessel, which at all times material hereto were engaged in navigation and commerce upon the navigable waters of the Unites States of America.

18. At all times material hereto, the Vessel was owned, chartered, and/or owned *pro hac vice* by Petitioner, Hudson River Sloop Clearwater, Inc., and was being operated under the direction and control of the Petitioner.

19. On or about May 25, 2005, while in the course and scope of her employment, and while working aboard the subject

vessel, Stephanie Camacho sustained severe injuries and endured extreme pain and suffering, requiring surgical procedures as a result of a fall upon said vessel.

20. Pursuant to the Jones Act, it was the duty of Petitioner, Hudson River Sloop Clearwater, Inc., to furnish Stephanie Camacho with a safe place in which to work.

21. The direct and proximate cause of the accident, including Stephanie Camacho's resultant injuries and permanent disability, was the negligence, carelessness and fault of the Petitioner, its employees and officers, agents and/or servants over whom Petitioner was responsible. Petitioner failed to provide Claimant with a safe place in which to work, and further failed to properly conduct, supervise, direct and/or control the operation being conducted at the time of the accident, together with such other acts of negligence to be proven at the time trial of the case.

22. As a result of the foregoing, Stephanie Camacho sustained severe injuries and endured extreme pain and suffering, including permanent, physical disability and scarring.

23. A claim is hereby made for damages for, among other things, the physical, mental and emotional pain and suffering, along with permanent injuries, scarring and physical

limitations, which accompanied the incident alleged herein; interest from the date of the incident; and other damages permitted by all applicable laws.

**THIRD COUNT**
**(General Maritime Laws)**

24. Claimant, Stephanie Camacho, repeats and re-alleges each and every aforementioned allegation above with the same force and effect as if set forth at length herein.

25. Pursuant to the General Maritime Laws, it was the duty of the Petitioner to provide Claimant with a safe place in which to work, with a competent and adequate crew, with safe gear, safe appurtenances and equipment, and a seaworthy vessel.

26. The failure of the Petitioner to provide Claimant with a safe place in which to work, with a competent and adequate crew, with proper and safe gear, safe appurtenances and equipment, and the unseaworthiness of the subject vessel were specific proximate causes of the subject accident, including Stephanie Camacho's injuries.

27. At all times material hereto, and specifically on the date of the accident, the Petitioner was in violation of United States Coast Guard Regulations and/or OSHA Regulations and/or statutes, and such violations resulted in Stephanie Camacho's injuries.

28. As a result of the foregoing, Stephanie Camacho sustained severe injuries and endured extreme pain and suffering, including permanent physical injuries and scarring, suffering.

28. A claim is hereby made for damages for, among other things, the physical, mental and emotional pain and suffering, along with her permanent injuries, scarring and physical limitations, which accompanied the incident alleged herein; interest from the date of the incident; and other damages permitted by all applicable laws.

**WHEREFORE**, Claimant, Stephanie Camacho prays:

That this Answer to Petitioner's Complaint be deemed good and sufficient, and that after due proceedings judgment be entered in favor of Claimant, dismissing Petitioner's limitation proceeding at the Petitioner's cost;

That the injunction prohibiting legal proceedings be dissolved and Claimant be permitted to litigate her claims and actions;

That process in due form of law and according to the practice of the Honorable Court issue against the Petitioner, citing them to appear and answer under oath, all and singular, the matter aforesaid;

That Claimant may have judgment for damages against the Petitioner for an amount in excess of the $300,000.00 limitation fund and/or the value of the Vessel in compensatory and punitive damages, together with interest from the date of occurrence until paid and costs against the Petitioner;

That Claimant be granted a trial by jury in the instant matter;

That all experts' fees be taxed as costs;

That the Court grant Claimant such other and further relief, general and equitable, that the justice of the cause may require and to which he may be otherwise be entitled.

**JURY DEMAND**

Claimant demands a trial by jury on all issues so triable.

Respectfully submitted:
WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys at Law

By: [signature]

JAMES P. LUNDY (JL 5859)
110 William Street
26th Floor
New York, NY 10038-3901
Phone: (646) 746-8916
Fax: (212) 267-3828
Email: jlundy@wilentz.com
Attorneys for Claimant

DATED: May 22, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2008, I served, via UPS Overnight, a copy of the foregoing upon:

Guerric S.D.L. Russell
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
Seventh Floor
New York, NY 10005-1801
Attorneys for Limitation Petitioner

JAMES P. LUNDY

# WILENTZ GOLDMAN &SPITZER P.A.

ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091
Fax (212) 267-3828

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 940.4000
Fax (215) 636-3999

Park Building
355 Fifth Avenue
Suite 400
Pittsburgh, PA 15222
(412) 232-0808
Fax (412) 232-0773

*website: www.wilentz.com*

Please reply to
Woodbridge
**Direct Dial: (732) 855-6038**
**Direct Fax: (732) 726-6690**

DAVID T. WILENTZ (1919-1988)
G. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1928-1988)

WARREN W. WILENTZ
MORRIS BROWN
FREDERIC K. BECKER[2]
NICHOLAS L. SANTOWASSO
RICHARD F. LERT[2]
JOHN A. HOFFMAN
STEPHEN E. BARCAN
FRANCIS V. BONELLO
BARRY M. EPSTEIN[2,10]
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH[2]
STUART A. HOBERMAN[2,3]
STEPHEN A. SPITZER
ANNE S. BABINEAU[2]
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN[2]
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
ALAN WASSERMAN<*
JAMES E. TRABILSY
MAUREEN S. BINETTI<
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT<
MICHAEL F. SCHAFF[2,7]
ANGELO JOHN CIFALDI
FRANCIS X. JOURNICK, JR. (1984-2006)
KEVIN M. BERRY[2]
NOEL S. TONNEMAN†
JOHN T. KELLY[2]
C. KENNETH SHANK[2]
BARRY A. COOKE[3]
JON G. KUPILIK
PETER R. HERMAN[2]
EDWARD T. KOLE
HESSER G. McBRIDE, JR.
ERIC JOHN MARCY
ROBERT C. KAUTZ[2,6]

VIOLA S. LORDI[2]
LYNNE M. KIZIS
KEVIN P. RODDY[2,8,9]
DANIEL S. BERNHEIM 3d[1,3]
DAVID H. STEIN
DOUGLAS WATSON LUBIC[2]
CHERYL J. OBERDORF
LISA A. GORAB[2]
RUSSELL J. FISHKIND[2]
LAWRENCE F. JACOBS[2]
FRED HOPKE†
CHARLES F. VUOTTO, JR.†
DONALD E. TAYLOR[3]
BARRY R. SUGARMAN[2]
BRETT R. HARRIS[2,5]
JEFFREY W. CAPPOLA
ALFRED M. ANTHONY[2]
DARREN M. GELBER[2,3]
MATTHEW M. WEISSMAN[2]
WILLIAM J. LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM[2]
WILLARD C. SHIH[2]
BLAIR R. ZWILLMAN[2] □
STEVEN R. ENIS[2]
LAWRENCE C. WEINER[2]
LAURIE E. MEYERS[2,4]
JOHN M. CANTALUPO[2]
BARBARA G. QUACKENBOS[2]
DAVID P. PEPE
JOHN E. HOGAN[2]

OF COUNSEL
MATTHIAS D. DILEO
ROBERT A. PETITO
HAROLD G. SMITH
ALAN B. HANDLER[5]
MYRON ROSNER[2]
R. BENJAMIN COHEN

COUNSEL
SUSANNE S. O'DONOHUE[4]
RISA A. KLEINER[3,4]
RUTH D. MARCUS[1,2]
RICHARD J. BYRNES
JAY V. SURGENT
JAMES P. LUNDY[2,3]

ELIZABETH FARLEY MURPHY
JAMES E. TONREY, JR.[2]
DEIRDRE WOULFE PACHECO[2]
ROBERTO BENITES
JONATHAN J. BART[1,2,3]
YVONNE MARCUSE
ABBY RESNICK-PARIGIAN[2,3]
BRIAN KALVER[2]
ELLEN TORREGROSSA-O'CONNOR
AMANDA F. SHECHTER[2]
BARBARA J. KOONZ[3]
DAVID S. MESSER[2]
TODD E. LEHDER[5,7]

ASSOCIATES
LINDA LASHBROOK
LORETTA KIRSCH PRIVES[2]
ELIZABETH C. DELL[2]
NANCY A. SLOWE[2]
KELLY A. ERHARDT-WOJIE[3]
JEFFREY J. BROOKNER
DAWN E. MAGUIRE[2,4,5]
FRANCINE E. TAJFEL[2]
RONALD P. COLICCHIO[2,10]
ALBERTINA WEBB[2]
DONNA A. McBARRON
JOHN P. MURDOCH II
MARY H. SMITH
EDWARD J. ALBOWICZ[2]
ANNA I. MONFORTH
THOMAS P. KELLY[2,5]
STEPHANIE D. GIRONDA
EVERETT M. JOHNSON[2]
ALEX LYUBARSKY[2]
KEVEN H. FRIEDMAN[2]
GREGORY D. SHAFFER[2]<
JESSICA S. PYATT
LOUIS J. SEMINSKI, JR.
DANIEL R. LAPINSKI[2]
LAUREN R. BERSCHLER[3]
MICHAEL F. FRIED[2]
MICHELE C. LEFKOWITZ[2]
DASHIKA R. WELLINGTON[3]
ROBERT L. SELVERS[2]
ERIK C. ACOSTA[2]
PAMELA R. GOLD-ZAFRA[2]

ALYSON M. LEONE[2]
JULIE A. DEMAREE[2]
VINCENT CHENG[2]
MICHAEL J. WEISSLITZ
JONATHAN M. BUSCH[5]
JAMIE M. BENNETT[2]
MARCELLO DE PERALTA[1,2]
KEITH L. HOVEY[2]
JOSEPH J. RUSSELL, JR.[2]
JON S. POLEVOY
HARA L. PODEL[3]
EMILY D. VAIL[2,4]
GEMMA ABERNOVICH[2]
CHERYL E. CONNORS
RUTH A. RAULS[2]
JAMES J. TRACY
CHAD B. SIMON[2]
ANTHONY WILKINSON[2]
DENIZA G. GERTSBERG[2]
DESHA L. JACKSON
LOUIS A. GREENFIELD[2]
JULIA A. LOPEZ[2]
GINA A. LEE[2]
MELINDA COLON
AMY HERBOLD

< Certified Civil Trial Attorney
□ Certified Criminal Trial Attorney
‡ Certified Matrimonial Attorney
† Certified Workers Compensation Attorney
* National Certified Civil Trial Specialist Approved by the ABA
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MD
8 Admitted VA
9 Admitted CA
10 Admitted FL
11 Admitted IL
12 Admitted ME

May 22, 2008

**Via Electronic Filing & Hand Delivery**
Clerk, United States Federal Court
Southern District
300 Quarropas Street
White Plains, NY 10601-4140

**Re: In the Matter of the Petition of Hudson River Sloop Clearwater, Inc., As Owner of the Sloop Clearwater, For Exoneration From and Limitation of Liability**
**Civil Action No.: 08 Cv 4066 (CLB (GAY)**

Dear Sir or Madam:

Attached please find the following:

XXXX Answer and Defenses to Complaint for Exoneration from and Limitation of Liability, Claims of Stephanie Camacho and Jury Demand.

#3042835 (149938.001)



WILENTZ
GOLDMAN
& SPITZER
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

Thank you for your prompt attention to this matter

Very truly yours,

JAMES P. LUNDY

JPL/ao
cc: David R. Hornig, Esq.(Via UPS Overnight)
The Honorable Charles L. Brieant, U.S.D.J. (via hand delivery)
The Honorable George A. Yanthis, U.S.M.J. (via hand delivery)
Enclosures